**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-2259

JOHN WESLEY STROMAN,

Plaintiff - Appellant,

versus

DENMARK-OLAR SCHOOL DISTRICT #2; GERALD
WRIGHT, Sued in his official capacity as
Superintendent of Schools,

Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Orangeburg. Patrick Michael Duffy, District
Judge. (CA-01-2369)

Submitted: February 25, 2004      Decided:  March 9, 2004

Before WIDENER, MOTZ, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

John Wesley Stroman, Appellant Pro Se.  Benjamin Davis McCoy,
Andrew Elliott Haselden, HOWSER, NEWMAN & BEASLEY, L.L.C.,
Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

John Wesley Stroman filed a complaint alleging Dr. Gerald Wright and the Denmark-Olar school district fired him on the basis of his sex and in retaliation for the exercise of his First Amendment rights. See 42 U.S.C. §§ 2000e, et seq. Stroman also alleged the intentional infliction of emotional distress, a state law claim. Defendants moved for summary judgment. The magistrate judge recommended granting Defendants' motion with regard to the sex discrimination and retaliation claims and recommended dismissing without prejudice Stroman's state law claim. Both parties filed objections to the recommendations. The district court adopted the recommendations of the magistrate judge, granting summary judgment to the Defendants on Stroman's sex discrimination and retaliation claims and dismissing without prejudice Stroman's state law claim. Final judgment was entered January 16, 2003. Stroman filed his notice of appeal October 9, 2003.

Federal Rule of Appellate Procedure 3 conditions federal appellate jurisdiction on the filing of a timely notice of appeal. Rule 4(a)(1)(A) states that a defendant in a civil case must file an appeal within thirty days after the entry of the district court's order. This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 267 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Rule 4(a)(5) allows a party to move for an extension

of time to file a notice of appeal where the party so moves no later than thirty days after the time prescribed by Rule 4(a) expires and where the party shows excusable neglect or good cause. Moreover, Rule 4(a)(6) allows the district court to reopen the time to file an appeal under certain circumstances upon a party's motion.

Stroman filed his notice of appeal almost seven months late.[*] Additionally, he did not move the district court to reopen the time for appeal. Therefore, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]Although Stroman filed a motion for new trial, the motion was untimely and thus did not extend the time for filing a notice of appeal. See Fed. R. App. P. 4(a)(4)(A). In addition, the motion was promptly denied by the district court, approximately seven months prior to the filing of Stroman's notice of appeal.